**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **DALKIRYS ESPINAL DE LIRANZO** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | **No.** |
| **v.** | : | |
| | : | **PLAINTIFF REQUESTS A** |
| **EUROPASTRY** | : | **TRIAL BY JURY** |
| **JOHN DOES 1-10** | : | |
| **ABC COMPANIES 1-10   Defendants** | : | |

## COMPLAINT

### I.   PARTIES

1.   Dalkirys Espinal (hereinafter "Plaintiff") is an adult individual and a citizen of the State of New Jersey.

2.   EuroPastry (hereinafter "Defendant") is a corporation that is operating in the State of New Jersey.

3.   ABC Companies 1-10 are corporations not yet known who have ownership and/or control over Defendant, and acted as Plaintiff's employer.

4.    At all times material and relevant to this complaint, defendant was acting by and through its agents, servants, workmen, employees and/or representative who were acting within the course and scope of their employment and/or agency with said defendant.  The conduct, action and/or omissions of the agents, servants, workmen, employees and/or representatives of defendant is imputed to defendant and defendant is fully liable for the conduct, action and/or omissions for its agents, servants, workmen, employees and/or representatives.

### II.   JURISDICTION AND VENUE

3.   Subject matter jurisdiction is appropriate in this court because this court has federal question jurisdiction over Plaintiff's claims under 42 U.S.C. 1981. Personal jurisdiction is

appropriate because the court has general jurisdiction over the Defendant and specific jurisdiction over matters arising out of Plaintiff's employment.

5.     Venue is appropriate for this action because this is the vicinage where the events underlying this matter took place.

### III.    UNDERLYING FACTS

6.     Plaintiff worked for the Defendant in their New Brunswick, location. Plaintiff performed her job well, eventually being named Coating Room Supervisor.

7.     During his employment, Plaintiff suffered from racial and national origin discrimination.

8.     Plaintiff was subject to a hostile work environment, overly criticized, and subject to unfair discipline because of her national origin. Plaintiff was unfairly targeted because she only spoke Spanish, as a form of national origin discrimination. Additionally, Plaintiff was subject to different treatment than individuals who did not share her national origin or race.

9.     Plaintiff made complaints about the hostile work environment she faced, but nothing was ever done about it.

10.     Eventually, Plaintiff was forced to resign, and was constructively discharged.

### COUNT ONE
### Racial / National Origin Discrimination / Constructive Discharge Under 42 U.S.C. 1981

12.     Plaintiff, Dalkirys Espinal De Liranzo, incorporates herein, by reference thereto, paragraphs one through fifteen, inclusive, as though the same were set forth herein at length.

13.     Plaintiff was in a protected class due to her race and national origin.

14.     Plaintiff was treated differently because of her status in a protected class.

15.     Plaintiff suffered racial discrimination that included being subjected to a hostile work environment.

16.     Plaintiff's complaints about the hostile work environment went ignored.

17.     With no relief for the hostile environment she faced, Plaintiff was forced to resign and was constructively discharged from her position.

18.     Plaintiff's termination violated 42 U.S.C. 1981 in two ways.

19.     First, Plaintiff was constructively discharged because of her race / national origin, in violation of 42 U.S.C. 1981.

20.     Second, Plaintiff was subject to a hostile work environment because of her race / national origin, in violation of 42 U.S.C. 1981.

**WHEREFORE**, Plaintiff respectfully requests compensatory damages against Defendant and ABC Companies 1-10 in excess of $75,000, together with punitive damages, as well as costs, interest, and other relief the Court may deem appropriate under the circumstances.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire – PA ID 316939
*Attorneys for Plaintiff*
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-295-4888 (f)
mnatale@malamutlaw.com